UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-132(DSD/JJK)

The Prudential Insurance
Company of America and
Pruco Securities, LLC,

       Plaintiffs,

v.                                              **ORDER**

Terry C. Sandvold,

       Defendant.

       Anthony Paduano, Esq., Leonard Weintraub, Esq. and Paduano & Weintraub LLP, 1251 Avenue of the Americas Ninth Floor, New York, NY 10020 and Norah E. Olson Bluvshtein, Esq., Theresa M. Thompson, Esq. and Fredrikson & Byron, PA, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, counsel for plaintiffs.

       Thomas E. Jamison, Esq., Douglas L. Elsaas, Esq., Adam A. Gillette, Esq. and Fruth, Jamison & Elsaas, 3902 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for defendant.

       This matter came before the court on February 14, 2012, upon the motion for preliminary injunction by plaintiffs Prudential Insurance Company of America and Pruco Securities, LLC (collectively, Prudential) and the motion by defendant Terry C. Sandvold to strike the hearing for preliminary injunction. Prudential and Sandvold appeared through counsel. Based on a review of the file, record and proceedings herein, including Sandvold's submission on February 15, 2012, the court denies the

motion to strike and grants in part the motion for a preliminary injunction by modifying the temporary restraining order (TRO) entered on January 25, 2012.

The background of this matter is fully set out in the TRO issued on January 25, 2012, and the court addresses only those facts necessary to dispose of the instant motions. After the court issued its TRO, Prudential requested an expedited hearing before the Financial Industry Regulatory Authority (FINRA) for the issuance of a permanent injunction. See Paduano Decl. ¶ 7, ECF No. 37. An arbitration panel was appointed, and a hearing for permanent injunctive relief was set for February 8, 2012. Id. ¶ 8. Prior to the hearing, two of the arbitrators failed to file their FINRA disclosure statement. Id. ¶ 9. Once disclosures were made at the hearing, Prudential objected to the composition of the panel, and the hearing was adjourned. Id. ¶¶ 9-10. Because the FINRA panel failed to grant permanent injunctive relief, Prudential now requests that this court issue a preliminary injunction.

Sandvold argues that because FINRA arbitration has begun, the court is without jurisdiction to enter a preliminary injunction.[1] The court need not address this issue, because it retains authority

---

[1] Sandvold argues that the FINRA arbitration has begun. Rule 13100(m) defines a hearing to mean a meeting "on the merits of an arbitration under Rule 13600." Prudential objected to the composition of the panel prior to the arbitrators addressing the merits of the underlying dispute, and thus an arbitration has not begun.

2

under Rule 60(b)(5)-(6) to modify its prior TRO.  See Ass'n for Retarded Citizens of N.D. v. Sinner, 942 F.2d 1235, 1239 (8th Cir. 1991).

"[S]ound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtain[ed] at the time of its issuance have changed, or new ones have since arisen." Sys. Fed'n No. 91, Ry. Emps.' Dep't v. Wright, 364 U.S. 642, 647 (1961).  "When considering whether to modify a ... [TRO], a district court is not bound by a strict standard of changed circumstances but is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law." Omaha Indem. Co. v. Wining, 949 F.2d 235, 239 (8th Cir. 1991) (citations and internal quotation marks omitted).

In its TRO, the court ordered mutual expedited discovery. Prudential sought to depose Sandvold and his custodian of records, Tracy Smith.  Sandvold did not allow the depositions to occur until February 13 and 10, respectively.  In light of new information revealed in those depositions and further analysis of the law, the court reexamines its analysis under Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

Prior to issuing the TRO, Sandvold argued that Prudential should not be given possession of the client files because they contained both Prudential and non-Prudential materials.

Specifically, Sandvold argued that the client files contained Blue Cross/Blue Shield health insurance information, and that giving this information to Prudential would be a violation of the Health Insurance Portability and Accountability Act (HIPAA). This concern is unfounded. Smith explained in her deposition that only fifty to seventy-five clients, out of nearly 3500, have medical policies. See Smith Dep. 67:3-8. Further, these medical policies are in "a separate blue folder or a manila folder with a blue stripe at the top" and are not intermingled with client files. Id. 67:9-12. Since Sandvold has no proper purpose for retention of Prudential's client files, and because the health insurance information can easily be separated, the balance of harms more greatly favors Prudential now than it did upon issuance of the TRO.

Further, through deposition testimony and the submission of a representative client file, it is clear that allowing Sandvold to maintain the client files would be a violation of the Gramm-Leach-Bliley Act, Pub. L. 106-102, 113 Stat. 1338, and SEC Regulation S-P, 17 C.F.R. § 248.1, *et seq.* These compliance concerns add to the threat of irreparable harm that already existed when the court issued its TRO. Therefore, the court finds that consideration of the Dataphase factors requires modification of the January 25, 2012, TRO.

4

Accordingly, for both the reasons stated above and in the temporary restraining order issued on January 25, 2012, **IT IS HEREBY ORDERED** that:

1. The motion to strike the preliminary injunction hearing [ECF No. 30] is denied.

2. The motion for a preliminary injunction [ECF No. 2] is granted in part.

3. The court continues and modifies the January 25, 2012, TRO as follows:

    a. Defendant shall return to plaintiffs all hardware, software and other physical property belonging to plaintiffs, which, as addressed in subparagraph (c) below, does not include certain client information collected and maintained by defendant.

    b. Defendant shall deliver to Prudential, at 600 South Highway 169, Suite 1000, St. Louis Park, MN 55426, all client files and documents related to Prudential's customers, policyholders and accountholders that are in defendant's and Sandvold Associates' physical files or stored electronically. Defendant shall return these client files and documents to Prudential as soon as reasonably possible, but in no event later than February 23, 2012.

    c. Defendant shall retain and is permitted to use in defendant's business one client list that may contain customer

names, addresses and phone numbers; all phone logs, records, journals or other notes reflecting conversations with clients that occurred on or after January 17, 2012; and all correspondence between clients and defendant or Sandvold and Associates sent on Sandvold and Associates' letterhead (stored in physical client files or on email) that occurred on or after January 17, 2012.

  d. Defendant is permitted to copy all client files for Terry Sandvold and his family and for employees of Sandvold and Associates and their families.  Prudential shall retain the client file, but shall bear the cost of copying, imaging or duplicating.

  e. Plaintiffs are not permitted to keep or copy client files or records relating to client purchases of products that were not sold through Prudential or their Outbrokerage program, such as Blue Cross/Blue Shield policies and certain life insurance products.

  f. Defendant is permitted to use the information contained in subparagraph (c) to continue to call and solicit new business from clients he served during the time he was affiliated with plaintiffs, so long as defendant adheres to Section 7(d) of his Career Special Agent Contract.

  g. Plaintiffs shall timely process any account transfer requests received from clients who defendant served while he

was affiliated with plaintiffs, so long as defendant adheres to Section 7(d) of his Career Special Agent Contract.

  h. Defendant, and all those acting in concert with him, including but not limited to his employees, representatives and agents, may not use, disclose, or transmit for any purpose any confidential or proprietary information belonging to Prudential and/or any affiliate of Prudential, or which Prudential and/or any affiliate of Prudential is obligated to protect, other than those materials addressed in subparagraph (c).

  i. Plaintiffs and defendant shall continue to cooperate concerning the identification, copying, imaging, duplicating and removal of electronic documents on defendant's computer systems that relate to customers, policyholders and accountholders who maintain Prudential accounts or products.

  j. This order shall be binding upon the parties and all those acting at the direction of the parties, including but not limited to their employees, representatives and agents.

  k. The parties shall preserve and not alter or destroy any client files, records or other documents in the parties' possession or the parties' employees, agents and representatives.  The parties shall preserve and protect all

electronic data as required by the Federal Rules of Civil Procedure that relate in any way to this litigation and shall suspend any automatic destruction of any such electronic data.

    l.   Plaintiffs shall continue to provide security [ECF No. 21] to defendants in the form of a bond or deposit of cash with the Clerk of Court in the amount of $5,000.

    m.   This order shall remain in full force and effect until such time as a FINRA arbitration panel issues a final decision on Prudential's request for permanent injunctive relief, or this court specifically orders otherwise.

Dated:  February 16, 2012

                                     s/David S. Doty
                                     David S. Doty, Judge
                                   United States District Court