```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 12-132(DSD/JJK)
```

The Prudential Insurance
Company of America and
Pruco Securities, LLC,

       Plaintiffs,

v.                                        **ORDER**

Terry C. Sandvold,

       Defendant.

This matter is before the court upon the motion to dismiss by defendant Terry C. Sandvold and the motion to stay proceedings by plaintiff The Prudential Insurance Company of America and Pruco Securities, LLC (collectively, Prudential). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion to stay.

**BACKGROUND**

The background of this action is set out in prior orders and the court recites only those facts necessary to dispose of the instant motions. See ECF Nos. 20, 48. The parties agree that this matter is subject to arbitration before the Financial Industry Regulatory Authority (FINRA). FINRA scheduled an initial hearing for February 8, 2012. See Paduano Decl. ¶¶ 8-9, ECF No. 37. Prudential objected to the composition of the arbitration panel, and at the time of oral argument, on April 6, 2012, FINRA had yet

to rule on Prudential's objection. Sandvold moves to dismiss, and Prudential moves to stay the proceedings. The court now considers the motions.

## DISCUSSION

The Federal Arbitration Act (FAA) establishes a strong policy in favor of arbitration. See 9 U.S.C. §§ 1-16; Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987). Arbitration is proper when a valid agreement to arbitrate exists and encompasses the subject matter of the dispute. See Pro Tech Indus., Inc. v. URS Corp., 377 F.3d 868, 871 (8th Cir. 2004). The parties do not dispute the presence of a valid agreement to arbitrate or that Prudential's claims fall within the scope of the agreement. See Compl. ¶ 6; Def.'s Mem. Supp. 7. Rather, the parties disagree as to whether this court should dismiss or stay the matter pending arbitration.

Once satisfied that an action involves issues referable to arbitration, the court "shall ... stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3. Despite the mandatory language directing the court to stay a matter pending arbitration, some courts allow dismissal without prejudice. See Green v. SuperShuttle Int'l, Inc., 653 F.3d 766, 770-71 (8th Cir. 2011) (Shepherd, J., concurring) (acknowledging circuit split and noting that majority viewpoint is to allow dismissal). The Eighth

Circuit has yet to determine whether dismissal is permitted under the FAA.  See Pickering v. Urbantus, LLC, No. 4:11-cv-0411, 2011 WL 6076332, at *6 (S.D. Iowa Nov. 23, 2011).  The court, however, need not answer this question, because, even if permitted to dismiss, it may need to resolve disputes regrading appointment of arbitrators, enforce subpoenas or rule on post-arbitration motions.  And although Sandvold explains that such oversight is unnecessary since FINRA rules address these concerns, the presence of FINRA rules does not guarantee compliance.  Further, even if no court oversight is necessary, Sandvold fails to demonstrate how he is prejudiced by a stay in the proceedings.  Therefore, dismissal is not warranted, and the court stays the proceedings.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 26] is denied; and
2. The motion to stay this action [ECF No. 56] is granted.

Dated:  May 21, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court